# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAWNE D. PETERSON,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>CITY OF BAKERSFIELD, BAKERSFIELD POLICE DEPARTMENT, SERGEANT MICHAEL DAVID CANTRELL, POLICE CHIEF ERIC MATLOCK and DOES 1 to 100, inclusive,<br><br>　　　Defendants. | CASE NO. 1:03-cv-6466 REC TAG<br><br>**ORDER DISMISSING CASE AND DIRECTING ENTRY OF JUDGMENT FOR DEFENDANTS** |

　　　A Notice of Suggestion of Death having been filed by defendants (Court Doc. 13), and having reviewed the Notice of Suggestion of Death, the Court makes the following findings and orders:

　　　1.　　On October 20, 2003, Plaintiff Deshawne D. Peterson ("decedent") filed a complaint in this action alleging that on December 18, 2002 he suffered violations of his Fourth and Fourteenth Amendment rights under the United States Constitution by defendants City of Bakersfield, Bakersfield Police Department, Eric Matlock, and Sergeant Michael Cantrell. (Court Doc. 1)

　　　2.　　Decedent was represented by Attorney Daniel Rodriguez when the complaint was filed. On June 14, 2004, Attorney Rodriguez filed a Substitution of Attorney wherein decedent was rendered a pro se plaintiff. On June 15, 2004, Attorney Rodriguez was relieved as decedent's counsel. (Court Doc. 18).

3. Plaintiff was killed on June 27, 2004.

4. On March 3, 2005, Defendants filed a Notice of Suggestion of Death reflecting that Deshawne D. Peterson, decedent, died on June 27, 2004.  (Court Doc. 20).  A certified copy of the death certificate of decedent was attached as an exhibit to the declaration in support of the Notice of Suggestion of Death.  (Court Doc. 20).

5. The Notice of Suggestion of Death was served on the non-party successor in interest or representative of decedent, the decedent's mother Willie Reynolds, 681 Hampshire Rd., Apt. #38, West Lake Village, California 91361 on March 3, 2005.  Attempts to locate decedent's father were unsuccessful.

6. Decedent's successors in interest or representatives had 90 days from March 3, 2005 in which to file a Motion for Substitution according to Fed. R. Civ. P. 25(a)(1).

7. To date, decedent's successors in interest or representatives have not filed a Motion for Substitution as required by Fed. R. Civ. P. 25(a)(1).

8. The time for filing a Motion for Substitution expired on June 3, 2005.

9. The Court finds the Notice of Suggestion of Death to be in compliance with the requirements set forth in Fed. R. Civ. P. 25(a)(1).

10. There being no Motion for Substitution of a party in place of the decedent,

    a. Decedent is dismissed as a party.

    b. This action be dismissed.

    c. Judgment for defendants to be entered.

IT IS SO ORDERED.

**Dated:  June 10, 2005**          /s/ Robert E. Coyle
668554                              UNITED STATES DISTRICT JUDGE